UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY PARKER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>MAHLE FILTER SYSTEM<br>NORTH AMERICA, INC.,<br><br>　　　　　　　　Defendant. | Case No. 25-cv-12491<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS TO STRIKE, FOR SANCTIONS, AND FOR LEAVE TO FILE MOTIONS
(ECF NOS. 15, 16, 20)**

　　　Plaintiff Anthony Parker sues his former employer, Defendant Mahle Filter System North America, Inc.  ECF No. 1.  The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 14.  Parker moves to strike Mahle's answer, for sanctions, and for leave to file motions.  ECF No. 15; ECF No. 16; ECF No. 20.  The motions are **DENIED**.

　　　In his motions to strike Mahle's answer and for sanctions, Parker argues that the answer is untimely.  ECF No. 15; ECF No. 16.  Parker is mistaken.  On August 8, 2025, Parker emailed defense counsel with a

request to waive service and attached the request form. ECF No. 19-1, PageID.124, 126. Mahle completed the waiver of service on August 12, which Parker filed the same day. ECF No. 8.[1] The waiver states Mahle's understanding that it "must file and serve an answer or a motion under [Federal Rule of Civil Procedure] 12 within 60 days from August 8, 2025." *Id.* (cleaned up).

If a defendant waives service under Rule 4(d), its responsive pleading must be filed "within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A)(ii). Because Parker requested waiver of service on August 8, Mahle's answer was due on October 7. Mahle timely filed its answer on that date. ECF No. 13. That the U.S. Marshal Service attempted to serve Mahle by postal mail on September 2 does not change this analysis. *See* ECF No. 12; *Yarbrough v. Garrett*, No. 06-CV-14021, 2007 WL 1452922, at *2, n.7 (E.D. Mich. May 14, 2007). Neither striking the answer nor sanctions are justified, and Parker's motions are denied.

Parker also moves for leave to file motions. ECF No. 20. The motion consists of two sentences stating, "Now Plaintiff Motions the Court for Leave to file motions: All court documents filed Pro Se. Plaintiff prays the

---

[1] The same waiver of service was erroneously filed again on August 25, 2025, because Parker mailed it to the Clerk's Office in addition to submitting it via the pro se upload. ECF No. 11.

motion is granted." *Id.*  Parker does not identify what motions he wishes to file, and the Court cannot determine whether leave is warranted or even necessary.  The motion is denied.

Parker's early flurry of meritless motions is concerning.  "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."  *In re McDonald*, 489 U.S. 180, 184 (1989); *see also U.S. ex rel Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").  The Court thus **WARNS** Parker that he may face sanctions, filing restrictions, or involuntary dismissal of his complaint if he floods the dockets with frivolous motions.

**IT IS ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: October 24, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2025.

                                                   s/Davon Allen
                                                   DAVON ALLEN
                                                   Case Manager