UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY PARKER,

               Plaintiff,

v.

MAHLE FILTER SYSTEM
NORTH AMERICA, INC.,

               Defendant.

Case No. 25-12491
Honorable Brandy R. McMillion
Magistrate Judge Elizabeth A. Stafford

## ORDER STRIKING DEFENDANT'S MOTION TO COMPEL
### (ECF NOS. 40)

Plaintiff Anthony Parker sues his former employer, Defendant Mahle Filter System North America, Inc.  ECF No. 1.  The Honorable Brandy R. McMillion referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 14.

Mahle moves to compel Parker's responses to written discovery requests and to sit for deposition.  ECF No. 40.  Mahle explains that Parker's current responses are inadequate, as he did not answer the interrogatories, has refused to produce documents in his possession, and has refused to sit for deposition.  *Id.*  In October 2025, the Court entered an order stating that the parties may not file a discovery motion without leave

of Court and must first meet and confer to resolve the dispute and, if issues remain, contact the Court for a status conference.  ECF No. 17.  Because Mahle did not seek a status conference before filing its motion, the Court **STRIKES** its motion to compel.  ECF No. 40.

But Mahle's motion and Parker's response suggest an unacceptable failure to comply with the rules of discovery, including Parker's refusal to sit for a deposition.  **By May 28, 2026**, Parker must correct the deficiencies in his written discovery responses and schedule his deposition in cooperation with Mahle.  If Parker does not comply by that date, Mahle may refile its motion to compel.

The Court also warns Parker that Federal Rule of Civil Procedure 37(d) permits sanctions, including involuntary dismissal, for failing to appear for a deposition or to respond to discovery requests.  Fed. R. Civ. P. 37(b)(2)(A), (d)(1); *see, e.g.*, *Mager v. Wisc. Cent. Ltd.*, 924 F.3d 831, 837-39 (6th Cir. 2019); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *Gilmore-Bey v. Schneider*, No. 24-cv-10689, 2025 WL 1618975 (E.D. Mich. May 29, 2025).  If the Court finds that Parker has continued to unacceptably fail to comply with the discovery rules, he may face sanctions, including "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in

2

this district without leave of court." *Hardy v. Whitaker*, __ F.R.D. ___, 2026 WL 575225, at *11 (E.D. Mich. Mar. 2, 2026).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 14, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager

3